**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

VICTOR ALFONSO SEGUNDO-TAPIA,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-3351

Agency No.
A206-191-525

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 16, 2025[**]
Seattle, Washington

Before: GOULD and DE ALBA, Circuit Judges, and ORRICK, District Judge.[***]

Victor Alfonso Segundo-Tapia petitions for review of the Board of

Immigration Appeals' ("BIA's") order denying his application for cancellation of

removal under 8 U.S.C. § 1229b(b)(1)(D). We have jurisdiction under 8 U.S.C.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

§ 1252, *see Wilkinson v. Garland*, 601 U.S. 209, 217 (2024), and affirm.

Where, as here, "the BIA issues its own decision but relies in part on the immigration judge's ["IJ's"] reasoning, we review both decisions." *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 702 (9th Cir. 2022). We review the IJ's and BIA's application of the exceptional-and-extremely-unusual-hardship standard under 8 U.S.C. § 1229b(b)(1)(D) to a given set of facts for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025).

Substantial evidence supports the IJ's and BIA's determinations that Segundo-Tapia's stepdaughters would not suffer exceptional and extremely unusual hardship if Segundo-Tapia were removed. That Segundo-Tapia's stepdaughters may lose financial support is not sufficient to show the requisite hardship. *See In re Andazola-Rivas,* 23 I. & N. Dec. 319, 323 (B.I.A. 2002) ("[I]t has long been settled that economic detriment alone is insufficient to support even a finding of extreme hardship."). Moreover, the record reflects that the girls' mother was able to support them before she married Segundo-Tapia and could do so again if he were removed. The mother earns a yearly salary and obtains health insurance for the girls through her employment.

Similarly, although the girls would likely suffer emotional harm if Segundo-Tapia were removed, the evidence does not compel the conclusion that the harm would be "substantially beyond the ordinary hardship that would be expected" any

time a close family member is removed. *Gonzalez-Juarez*, 137 F.4th at 1006 (quoting *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 62 (B.I.A 2001)); *see Ramirez-Perez v. Ashcroft*, 336 F.3d 1001, 1006 (9th Cir. 2003). The girls would continue to live with their mother in their hometown near several extended family members. *See Cabrera-Alvarez v. Gonzales*, 423 F.3d 1006, 1013 (9th Cir. 2005). While the girls may be especially shy, they do not have any documented behavioral issues. Finally, the girls' school district provides both girls with special education services, and there is no evidence that the girls would lose those services if Segundo-Tapia were removed. Nor is there evidence that he is substantially involved in his daughters' educational support services. Thus, substantial evidence supports the IJ's and BIA's determination that the hardships the girls would suffer if Segundo-Tapia were removed, even when considered in the aggregate, did not meet the exceptional-and-extremely-unusual standard. *See Gonzalez-Juarez*, 137 F.4th at 1006 (explaining that hardship "must be out of the ordinary" and "exceedingly uncommon" when compared to "the hardship that results in the usual, ordinary course when an alien is removed").

**PETITION DENIED.**